Ayman **HADDADIN,** Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 04–73664.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 6, 2007.

Aug. 20, 2007.

---

Richard David Rogen, Esq., Kaplan, Klein & Rogen, Atys. at Law, Sherman Oaks, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, Michael P. Lindemann, Esq., San Francisco, CA, Janice K. Redfern, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BERZON and IKUTA, Circuit Judges, and SINGLETON *, District Judge.

## MEMORANDUM **

Ayman Haddadin, a citizen of Jordan, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") denial of his motion to reopen. We grant the petition.

■ The IJ explained his denial on reconsideration of Haddadin's motion to reopen with one sentence: "The evidence offered by respondent does not establish that country conditions in Jordan have changed sufficiently or at all so as to place the alien in danger of religious persecution—especially since his church is one registered with and not officially hounded by the Jordanian government." On the form denying the motion, he also checked a box indicating that Haddadin had failed to make a prima facie case for the underlying relief, and another stating that the petitioner had failed to convince the IJ to exercise his discretion in granting the motion to reopen.

---

* The Honorable James K. Singleton, Senior United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

This explanation is inadequate. Because it is so very brief, it does not explain the IJ's reasoning in a way conducive to judicial review. *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir.2005). The brevity is of particular concern in this case because, insofar as we can discern the IJ's reasoning, it appears that he applied an incorrect legal standard in evaluating Haddadin's eligibility for asylum and withholding and did not address the denial of relief under the Convention Against Torture ("CAT") with any reasoning at all.

The IJ indicated that he denied Haddadin's petition for failure to show changed circumstances with regard to religious persecution "especially since his church is one registered with and not officially hounded by the Jordanian government." But Haddadin was not required to demonstrate that the government would be the direct source of his persecution to succeed on any of his claims. With regard to asylum and withholding, he only needed to show that the government would be unwilling or unable to protect him from persecution by others—here, the Muslim populace. *See Avetova–Elisseva v. INS*, 213 F.3d 1192, 1196 (9th Cir.2000) (regarding asylum); *Reyes–Reyes v. Ashcroft*, 384 F.3d 782, 788 (9th Cir.2004) (regarding withholding of removal).

The IJ's written explanation does not pertain to Haddadin's application for relief under CAT, because it concerns only changed circumstances with regard to "religious persecution," and motivation does not matter for purposes of CAT relief. *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir.2001). The only part of the opinion that even arguably deals with this claim is the check box indicating that Haddadin failed to make a prima facie case. Such a generic explanation is inadequate.

*See Rodriguez–Lariz v. INS*, 282 F.3d 1218, 1227 (9th Cir.2002) (holding that a BIA decision that listed the petitioners' claims and concluded without explanation that they had failed to state a prima facie case was inadequate).

We therefore grant Haddadin's petition and remand for reconsideration of all his claims for relief in light of the proper legal standards and with an explanation of the reasons for the result reached adequate to permit meaningful judicial review.

**GRANTED AND REMANDED.**